UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61836-Civ-MORENO
MAGISTRATE JUDGE P.A. WHITE

HERBERT HATHCOCK,                    :

    Petitioner,                  :

v.                                   :          REPORT OF
                                                MAGISTRATE JUDGE
JAMES A. McNEIL,[1]                  :

    Respondent.                  :
_____

I. Introduction

Herbert Hathcock, a state prisoner confined at Jefferson Correctional Facility, at Monticello, Florida has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, attacking the constitutionality of his conviction and sentence entered in Broward County Circuit Court case number 02-21624.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition with supporting memorandum of law, the Court has the petitioner's response to an order regarding whether the petition is barred by the one-year statute of limitations, the response of the state to an order to show cause with multiple exhibits, and the petitioner's reply with

---

[1] Walter A. McNeil, has replaced James R. McDonough as Secretary of the Florida Department of Corrections, and is now the proper respondent in this proceeding. McNeil should, therefore, "automatically" be substituted as a party under Federal Rule of Civil Procedure 25(d)(1). The Clerk is directed to docket and change the designation of the Respondent.

supporting exhibits.

## II. <u>Claims</u>

Hathcock raises the following grounds for relief:

1.  The failure of the trial court judge to orally pronounce sentence during the original sentence proceeding rendered the subsequent violation of probation proceeding and resultant sentence of imprisonment unlawful.

2.  His sentences are unlawful, because he did not receive all days of pretrial jail credit towards his sentences to which he was entitled.

3.  His sentence imposed after the revocation of his probation was unlawful in that he was sentenced by a successor judge, rather than the judge who had originally entered sentence.

4.  His conviction is unlawful, because the prosecutor had no authority to execute the information, rendering it void.

5.  He received ineffective assistance of trial counsel, because his lawyer failed to challenge the defective *Miranda*-warnings.[2]

## III. <u>Procedural History</u>

Hathcock was convicted pursuant to an open plea of no contest to the court entered on January 29, 2004, of possession of cocaine, and he was sentenced pursuant to his motion for an alternative sentence to a term of probation of three years with various special conditions of probation based upon his status as an habitual drug abuser. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 1, 3, 4). Hathcock did not prosecute a direct appeal from his conviction or sentence. (Petition at ¶8)(DE# 1). Not long after, Hathcock violated the terms and conditions of his probation, and a probation violation warrant was issued on or about

---

[2]<u>See</u> <u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

August 3, 2004, with an amended affidavit and warrant filed on January 20, 2005. See Computer Docket Sheet at 8-9. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 5). After probation revocation proceedings conducted on July 7, 2005, Hathcock's term of probation was revoked and he was sentenced to a term of imprisonment of sixty months. Id. at Ex. 6.

Hathcock did not take a direct appeal from the revocation of probation or resultant sentence, instead filing in the trial court on July 17, 2005, a pro se motion for postconviction relief pursuant to Fla.R.Crim.P. 3.850, challenging his underlying conviction and sentence on the following grounds: (1) his conviction was obtained by a plea of no contest that was unlawfully induced or not made voluntarily with understanding of the nature of the charges and the consequences of the plea in that he had been coerced into entering the plea; (2) he received ineffective assistance of trial counsel, because his lawyer failed to pursue a motion to suppress his statement based upon a violation of Miranda v. Arizona, 384 U.S. 436 (1966); and (3) his rights pursuant to Miranda were violated when he had not been properly advised of his right to counsel during questioning. (Motion for Post Conviction Relief)(Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 7). He subsequently twice amended his motion to include additional grounds for relief, essentially claiming that the probation revocation proceedings and sentence imposed upon the revocation of his probation were unlawful in that the proceeding had been conducted by a successor judge and the sentence had been imposed by a successor judge. (Addendum to Motion for Post Conviction Pursuant to 3.850; Supplement and/or Defendant Addendum to Motion for Post Conviction Relief)(Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 8, 10).

3

The state filed a response with attached exhibits to the postconviction motion, asserting that Hathcock was not entitled to postconviction relief in that the claims challenging his underlying conviction and sentence were meritless and the challenge to the probation revocation proceeding and sentence was procedurally barred in that it could have and should have been raised in a direct appeal from the revocation of his probation and/or was meritless. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 11). By order entered on March 14, 2006, the trial court summarily denied Hathcock postconviction relief on the claims raised in the Rule 3.850 motion, as amended. Id. at Ex. 12. On the same date, Hathcock filed a pro se motion for rehearing, and the motion was apparently never separately disposed of by the trial court. Id. at Ex. 13. On May 5, 2006, Hathcock filed a notice of appeal from the denial of his Rule 3.850 motion, and on June 1, 2006 the Florida appellate court dismissed the appeal for lack of jurisdiction without prejudice for Hathcock to seek a belated appeal, and he has apparently never sought a belated appeal. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 26).

Also, on March 14, 2006, Hathcock filed a pro se Motion to Correct Illegal Sentence pursuant to Fla.R.Crim.P. 3.800, arguing that since the original trial court judge never orally pronounced his sentence at the original sentence proceeding, he could not have violated a term of probation and receive a term of imprisonment. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 14). By order entered on March 27, 2006, the state was required to file a response, addressing both the motion for rehearing in the Rule 3.850 proceeding and the Rule 3.800 motion. Id. at Ex. 15. The state construed the motion as a Rule 3.850 motion, and asserted in its response that various procedural

4

impediments prevented Hathcock from obtaining relief, such as untimeliness and successiveness. Id. at Ex. 16. The trial court agreed and summarily denied Hathcock postconviction relief for the reasons asserted by the state in its response. Id. at 17. Hathcock appealed the denial of postconviction relief and the Fourth District Court of Appeal affirmed the trial court's ruling in a per curiam decision without written opinion. Id. at 28. See Hathcock v. State, 935 So.2d 15 (Fla. 4 DCA 2006)(table). The mandate issued on September 15, 2006. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 27).

In the interim, Hathcock filed in the trial court on July 21, 2005, a pro se motion to correct illegal sentence, claiming that he had been denied jail time credit towards his sentence which he was due, and the motion was denied by order entered on September 16, 2005. Id. at Ex. 18, 19. Hathcock's motion for rehearing was denied. Id. at Ex. 20, 21. In a written opinion, the trial court's rulings were per curiam affirmed without prejudice to Hathcock to file a legally sufficient Rule 3.800(a) or 3.850 motion. See Hathcock v. State, 930 So.2d 832 (Fla. 4 DCA 2006). The mandate issued on July 7, 2006. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 24). Pursuant to the appellate decision, Hathcock filed in the trial court on June 29, 2006, a pro se Rule 3.850 motion, again challenging the original judgment of conviction and sentence as well as the probation revocation proceeding, the state filed a response on October 3, 2006, and the trial court denied the motion on January 4, 2007. (Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 5, 32, 33). Hathcock appealed the trial court's ruling and in a decision without written opinion, the trial court's ruling was affirmed, see Hathcock v. State, 951 So.2d 851 (Fla. 4 DCA 2007)(table), with the mandate issuing on April 9, 2007.

5

(Respondent's Appendix to Response to Petition for Writ of Habeas Corpus at Ex. 31). Approximately eight months after the above-reviewed state court proceedings had concluded, Hathcock came to this Court, filing on December 12, 2007,[3] the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

IV. <u>Standard of Review</u>

Pursuant to 28 U.S.C. §2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. §2254(d) governs the review of those claims. <u>See</u> <u>Penry v. Johnson</u>, 532 U.S. 782, 792 (2001); <u>Henderson v. Campbell</u>, 353 F.3d 880, 889-90 (11 Cir. 2003). Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the state court's adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. §2254(d). <u>Price v. Vincent</u>, 538 U.S. 634, 638-39 (2003); <u>Clark v. Crosby</u>, 335 F.3d 1303, 1308 (11 Cir. 2003). "[A] state court's decision is not 'contrary to ... clearly established Federal law' simply because

---

[3]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. U.S.</u>, 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Petition at 7)(DE# 1).

the court did not cite [Supreme Court] opinions.... [A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003)(*quoting* Early v. Packer, 537 U.S. 3, 7-8 (2002). Even where a state court denies an application for post-conviction relief without written opinion, that decision is entitled to the same deference as if the state court had entered written findings to support its decision. See Wright v. Sec. of Dep't of Corr., 278 F.3d 1245, 1255 (11 Cir. 2002). Further, a federal court must presume the correctness of the state court's factual findings. See 28 U.S.C. §2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11 Cir. 2001), cert. denied, 537 U.S. 870 (2002).

## V. Discussion

In response to the order to show cause, the respondent argues that Hathcock is not entitled to review on the merits of his claims in that this petition should be dismissed as time-barred pursuant to 28 U.S.C. §2244(d). The respondent further asserts that review on the merits of claims one, four and five is not warranted in that claim one has been expressly procedurally barred in the state courts and claims four and five are unexhausted, warranting a prospective procedural bar as to those claims. The respondent has addressed, in the alternative, the claims on the merits.

### A. Original Judgment of Conviction and Sentence

The respondent's argument that the petition should be dismissed as time-barred is meritorious, but only as to any and all of Hathcock's attacks on his underlying conviction and/or sentence. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. See

Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. §2244(d)(1)(A).[4] This period is tolled while a properly filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending.[5] 28 U.S.C. §2244(d)(2). Moreover, the one-year limitations period is subject to equitable tolling in "rare and exceptional cases." See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11 Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing his petition."), cert. denied, 535 U.S. 1080 (2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11 Cir. 1999). See also Davis v. Johnson, 158 F.3d 806

---

[4]The statute provides that the limitations period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2244(d)(1).

[5]A properly-filed application is defined as one whose "delivery and acceptance are in compliance with the applicable laws and rules governing filings," which generally govern such matters as the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. Artuz v. Bennett, 531 U.S. 4 (2000)(overruling Weekley v. Moore, 204 F.3d 1083 (11 Cir. 2000)).

(5 Cir. 1998), <u>cert</u>. <u>denied</u>, 526 U.S. 1074 (1999).

Here, Petitioner's underlying conviction became final on March 1, 2004, four months before his term of probation was revoked.[6] The revocation and resultant sentence did not affect the finality of Petitioner's original judgment and conviction. This Court agrees with other district courts that have held that the subsequent probation revocation does not resurrect, toll or otherwise extend the one year limitation period as to the challenges to his underlying conviction and term of probation. <u>See</u> <u>Wright v. Florida</u>, 2008 WL 1986184 (M.D.Fla. May 6, 2008), *quoting*, <u>Williams v. Vasbinder</u>, 2006 WL 2123908 (E.D.Mich. July 27, 2006). Specifically, the district court in *Williams*, stated as follows:

> Under 28 U.S.C. §2244(d)(1)(A), the one-year statute of limitations for challenging any substantive issues relating to a trial court judgment which imposes probation begins to run when the judgment imposing probation becomes final. *See Caldwell v. Dretke,* 429 F.3d 521, 530 (5th Cir.2005). By contrast, any claims arising from the revocation of probation would begin to run when the judgment that revoked the petitioner's probation became final. *See Davis v. Purkett,* 296 F.Supp.2d 1027, 1029-30 (E.D.Mo.2003). Because petitioner is challenging two separate judgments by challenging both his underlying conviction and his subsequent probation revocation in a single habeas petition, the one year limitations period would begin to run for each of these separate judgments at different times. *See Wilkinson v. Cockrell,* 240 F.Supp.2d 617, 620-22 (N.D.Tex.2002).

<u>Id</u>. at *2. <u>See also</u> <u>Dones v. Dretke</u>, 2006 WL 1294077at *2 (N.D.Tex. May 11, 2006)(separating claims challenging an order deferring adjudication and imposing community supervision from a claim challenging an order revoking community supervision and imposing a

---

[6]The judgment became final when the thirty-day appeal period from the judgment had expired. <u>See</u> <u>Fla.R.App.P.</u> 9.110(b); <u>Demps v. State</u>, 696 So. 2d 1296, 1297, n.1 (Fla. 3 Dist. 1997); <u>Ramos v. State</u>, 658 So.2d 169 (Fla. 3 Dist. 1995); <u>Caracciolo v. State</u>, 564 So.2d 1163 (Fla. 4 Dist. 1990); <u>Gust v. State</u>, 535 So. 2d 642 (Fla. 1 Dist. 1988). Here, since the time for filing the notice of appeal fell on a Saturday, February 28, 2004, Hathcock would have had until Monday March 1, 2004, for the filing of his notice of appeal. <u>See</u> <u>Fla.R.App.P.</u> 9.420(e).

prison sentence for purposes of calculating the one-year limitations period).

Thus, the AEDPA's one year statute of limitations began to run when his original conviction became final. Since this federal petition for writ of habeas corpus challenging the original judgment was not filed until December 12, 2007, well-beyond one year after the date on which the underlying conviction and sentence became final, the petition is time-barred pursuant to 28 U.S.C. §2244(d)(1)(A) unless the limitations period was extended by properly filed applications for state post-conviction or other collateral review proceedings. 28 U.S.C. §2244(d)(2). As indicated above, Hathcock pursued collateral relief in the state trial and appellate courts, attacking his underlying conviction and sentence. The limitations period is, however, not tolled during the time the state postconviction proceedings remained pending, because the initial postconviction proceeding was not commenced until July 17, 2005, after the one-year limitations period had already expired on March 2, 2005. See 28 U.S.C. §2244(d)(2). It is now well-settled that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled. See Tinker v. Moore, 255 F.3d 1331, 1332 (11 Cir. 2001)(holding that a state petition filed after expiration of the federal limitations period cannot toll the period, because there is no period remaining to be tolled); Webster v. Moore, 199 F.3d 1256, 1258-60 (11 Cir.)(holding that even properly filed state court petitions must be pending in order to toll the limitations period), cert. denied, 531 U.S. 991 (2000).

Moreover, 28 U.S.C. §2244(d)(2)(D) does not apply here, because the factual predicates for Hathcock's challenges to his

original judgment of conviction and sentence made in claims one and
four were known or should have been known to Hathcock before his
original conviction and sentence became final or, at the very
latest, before the expiration of the one-year limitation period.
Therefore, §2244(d)(1)(D) is not applicable here. <u>See</u> <u>Mattern v.
Sec'y for the Dep't of Corr.</u>, 494 F.3d 1282, 1286 (11 Cir. 2007).
As to ground five, Hathcock relies upon various state court
decisions regarding the voluntariness of his confession which were
decided in June 2004. <u>See</u> <u>West v. State</u>, 876 So.2d 614 (Fla. 4 DCA
2004) and <u>Roberts v. State</u>, 874 So.2d 1225 (Fla. 4 DCA 2004).[7]
Accordingly, Petitioner's petition was due in this Court on or
before March 2, 2005, approximately four months before his term of
probation had been revoked and he received a term of imprisonment,
for it to have been timely filed.

    While Hathcock has filed a response to this Court's order
regarding the limitations period and a reply to the respondent's
response, Hathcock has presented no valid justification whatever
for his failure to timely file his federal habeas corpus petition
attacking the underlying conviction and sentence. (DE# 5, 10). His
assertion that <u>Ferreira v. Sec'y, Dep't of Corr</u>., 494 F.3d 1286,
1292-93 (11 Cir. 2007) controls here is misplaced. *Ferreira*
involved a corrected sentence, not a probation revocation. For
purposes of the AEDPA statute of limitations, Ferreira's conviction
became final and the one year statute began to run when the

---

[7]The Florida Fourth District Court of Appeal has held that *Miranda* warnings
given by the Broward County Sheriff's Office which failed to advise the suspect
of the right to counsel during interrogation were constitutionally deficient.
<u>See</u> <u>West v. State</u>, 876 So.2d 614 (Fla. 4 DCA 2004); <u>Roberts v. State</u>, 874 So.2d
1225 (Fla. 4 DCA 2004). There is no indication whatever in the record, other than
Hathcock's self-serving statements, that the *Miranda* warnings given in this case
were deficient in the same way that the warnings were deficient in *Roberts* and
*West*.

corrected sentence was imposed.[8] As indicated above, in this case, Hathcock's underlying conviction became final several months before his probation was revoked.

Hathcock's next contention that he was somehow prevented from timely pursuing state postconviction relief and then this federal petition is a self-serving assertion and wholly conclusory with no substantiation whatever in the record. He alleges that he was unable to earlier obtain a copy of the transcript of the original sentence proceeding, and it was not until during the later postconviction proceedings that he obtained a copy and learned of his first claim for relief. Petitioner has in no way demonstrated that he was in any unconstitutional way prevented from obtaining the subject transcript and timely filing this federal petition for writ of habeas corpus.[9] Moreover, Hathcock is confusing his knowledge of the factual predicate of his claim(s) with the time permitted for gathering evidence in support of his claims, and therefore any contention that the statute of limitations did not begin to run until after he had "developed" the facts of his is meritless. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5 Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10 Cir. 1992)(petitioner's failure to discover the legal significance of the operative facts does not constitute cause). Also, Hathcock was certainly present during the sentence proceeding and was aware or should have been aware of the subject challenge raised in ground

---

[8]In *Ferreira,* the Eleventh Circuit applied the Supreme Court's holding in Burton v. Stewart, 549 U.S. 147 (2007), upon which Hathcock also relies.

[9]Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative value. See Tejada v. Dugger, 941 F.2d 1551, 1559 (11 Cir. 1991)(recognizing that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'" (citation omitted)). See also Ross v. Estelle, 694 F.2d 1008, 1011-12 (5 Cir. 1983).

one at the sentence proceeding. No transcript was first needed to
pursue such a challenge.

From review of the claims raised and supporting memorandum of
law in conjunction with the subsequent pleadings, it appears that
Hathcock is in essence arguing that he is entitled to equitable
tolling of the limitations period in that the failure to review his
challenges on the merits will result in a fundamental miscarriage
of justice. He claims that the trial court lacked jurisdiction in
the case based upon the original trial court judge's failure to
orally pronounce sentence at the initial sentence proceeding and/or
based upon the prosecutor's lack of requisite authority to execute
the information. The one-year limitation period can be extended on
the basis of equitable tolling 'when a movant untimely files
because of extraordinary circumstances that are both beyond his
control and unavoidable with diligence.'" Steed v. Head, 219 F.3d
1298, 1300 (11 Cir. 2000)(*quoting* Sandvik v. United States, 177
F.3d 1269, 1271 (11 Cir. 1999)(per curiam)). Moreover, a petitioner
may obtain federal habeas review of a procedurally defaulted claim,
without a showing of cause or prejudice, if such review is
necessary to correct a fundamental miscarriage of justice. See
Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Henderson v.
Campbell, 353 F.3d 880, 892 (11 Cir. 2003). This exception is only
available "in an extraordinary case, where a constitutional
violation has resulted in the conviction of someone who is actually
innocent." Henderson, 353 F.2d at 892.

As a threshold matter, the Eleventh Circuit has never held
that Section 2244(d)'s limitations period carries an exception for
actual innocence, and it has declined to reach the issue whether
the absence of such an exception would violate the Constitution.'
See Wyzykowski v. Department of Corr., 226 F.3d 1213, 1218-19 (11

13

Cir. 2000)(leaving open the question whether the §2244 limitation period to the filing of a first federal habeas petition constituted an unconstitutional suspension of the writ). Were "actual innocence" an exception to the application of the one-year limitations provisions of §2244, the Court would still be precluded from reviewing the claims presented in the instant petition on the merits. "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the "'extraordinary' case." House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. In this context, "actual innocence" means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992). See also Bousley, 523 U.S. at 623-624; Doe v. Menefee, 391 F.3d 147, 162 (2 Cir. 2004)("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). Schlup observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324. Here, Hathcock fails to state a colorable claim of factual innocence, asserting solely legal insufficiency.

14

Further, review of the record in this case indicates that no such fundamental miscarriage of justice will result by time-barring the instant petition with regard to the attacks on the original judgment and sentence. Pursuant to applicable Florida sentencing law, the trial court was required to sentence Hathcock to a term of imprisonment of approximately fourteen months unless the court granted his motion for downward departure. See Transcript of plea proceeding conducted on January 22, 2004. (Respondent's Appendix at 3). The trial court conducted evidentiary proceedings on Hathcock's motion for downward departure and alternative sentence where Hathcock requested the trial court to find him a habitual drug and alcohol abuser, and sentence him to a term of probation with participation in a drug treatment program. See Transcript of plea proceeding conducted on January 22, 2004. Respondent's Appendix at Ex. 3). After listening to testimony from the founder of a drug and alcohol treatment center, and after expressly advising Hathcock the many terms and conditions of his probation to which he agreed to comply, the trial court granted the motion for mitigation and sentenced Hathcock upon the open plea to the court to a term of probation with special conditions of probation. Id. While the term of probation was not expressly specified at the proceeding, contemporaneously with the proceeding, the trial court entered an order of disposition, adjudicating Hathcock guilty of the subject offense and imposing a three-year term of probation with special conditions.[10]  (Respondent's Appendix at Ex. 4).

---

[10]It is noted that in instances of an outright variance between the oral and written versions of the same sentence, the conflict is resolved in favor of the oral pronouncement. United States v. McDonald, 672 F.2d 864 (11 Cir. 1982); United States v. Kindrick, 576 F.2d 675 (5 Cir. 1978). However, where there is mere ambiguity rather than outright conflict between the oral and written versions of a judgment or sentence, the written judgment or sentence may be used to clarify the court's intent. Villano v. United States, 816 F.2d 1448 (10 Cir. 1987); Henley v. Heritage, 377 F.2d 847 (5 Cir. 1964); Chapman v. United States, 289 F.2d 539, 544 (5 Cir. 1961). In cases where ambiguity exists, the intent of

15

As to his claim that the Information was void in that it had been signed by an Assistant State Attorney, rather than *the* State Attorney is meritless.[11] There is no indication whatever in the record that this is not a situation where the information was signed by persons who were not attorneys or who were never appointed as Assistant State Attorneys. See <u>Turner v. State</u>, 444 So.2d 974 (Fla. 3 DCA 1984)(holding that where original information charging defendant with crime of burglary was signed by "imposter" merely posing as assistant state attorney, such information was null and void, and defendant's subsequent conviction and sentence thereon were properly vacated). It is also noted that there is no evidence in the record that the evidence presented to the Assistant State Attorney could not lawfully support the information in this case or that the charging instrument completely failed to charge a crime. Therefore, there was no fundamental miscarriage of justice here and Hathcock's underlying conviction and/or original

---

the sentencing judge controls, and is to be determined by reference to the record as a whole, including the written order. <u>Schurmann v. United States</u>, 658 F.2d 389 (5 Cir. 1981); <u>United States v. Kindrick</u>, <u>supra</u>. In this case, there is no real conflict when the court failed to orally pronounce the length of the term of probation. Review of the record as a whole, is therefore appropriate to discern the judge's intent. <u>Schurmann</u>, <u>supra</u>. The term was clearly specified in the written order. The record and the signed order after resentencing leave no doubt that the court intended to impose a term of probation of three years. Under these circumstances, no violation of Hathcock's right to due process has been demonstrated.

[11]Rule 3.140(g), <u>Fla.R.Crim.P</u>. provides as follows:

**(g) Signature, Oath, and Certification; Information.** An information charging the commission of a felony shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution and certifying that he or she has received testimony under oath from the material witness or witnesses for the offense. An information charging the commission of a misdemeanor shall be signed by the state attorney, or a designated assistant state attorney, under oath stating his or her good faith in instituting the prosecution. No objection to an information on the ground that it was not signed or verified, as herein provided, shall be entertained after the defendant pleads to the merits.

sentence do not offend due process.

Finally, Hathcock's status as an unskilled layperson does not excuse the delay. See Johnson v. United States, 544 U.S. 295, 311, 125 S.Ct. 1571, 1582 (2005)(stating that "the Court has never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). See also Rivers v. United States, 416 F.3d at 1323 (holding that while movant's lack of education may have delayed his efforts to vacate his state conviction, his procedural ignorance is not an excuse for prolonged inattention when promptness is required). According, as correctly maintained by the respondent, this petition is time-barred with regard to any challenges to the constitutionality of the underlying conviction and sentence, and Hathcock's challenges to the lawfulness of his conviction and should not be considered on the merits.[12] See 28 U.S.C. §2244(d)(1)-(2).

---

[12]Hathcock has effectively received review on the merits of grounds one and four and for the reasons state herein, the grounds are meritless. With regard to ground five, even if not time-barred, Hathcock would not be entitled to relief on this claim. Besides being wholly conclusory, the challenge to his confession and related challenge to the representation received from trial counsel have been waived by the entry of the lawful no contest plea. See McMann v. Richardson, 397 U.S. 759, 772 (1970)(holding that a plea of guilty in a state court is not subject to collateral attack in a federal court on the ground that it was motivated by a coerced confession unless the defendant was incompetently advised by his attorney); Stano v. Dugger, 921 F.2d 1125, 1150-51 (11 Cir. 1991)(stating that the Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea); United States v. Bohn, 956 F.2d 208, 209 (9 Cir. 1992)(per curiam)(holding that pre-plea ineffective assistance of counsel claims are also waived by guilty plea); Franklin v. United States, 589 F.2d 192, 194-95 (5 Cir. 1979)(holding that guilty plea waives claims regarding *Miranda* warnings, coerced confessions, perjury, and illegal searches and seizures in a section 2255 proceeding). Thus, Petitioner's claim that his counsel was ineffective for failing to file a motion to suppress or present defenses to the subject offense does not relate to the voluntariness of the plea and, even if his claim could be so construed, there is absolutely no indication in the record that the no contest plea was not entered knowingly and voluntarily, and in fact the record reveals that Hathcock in fact entered his no contest plea knowingly, voluntarily and intelligently with the aid of competent counsel for which he received the favorable sentence that he sought.

## B. Probation Revocation Proceedings

Hathcock challenges the revocation of his probation and resultant sentence on two grounds. The respondent apparently concedes that these claims have been properly exhausted before the state courts. See 28 U.S.C. §2254(b)(1) and (b)(1)(A).[13] The respondent asserts, however, that Hathcock is not entitled to review on the merits of these claims in that they are not cognizable in this federal habeas corpus proceeding.

Hathcock first alleges that he is being confined pursuant to unlawful sentences, because he did not receive all days of pretrial jail credit towards his sentences to which he was entitled. He contends that he should have been awarded 489 days rather than the 402 days he received. As correctly asserted by the respondent, this claim is not a ground cognizable in this federal habeas corpus proceeding. As a general rule, there is no federal constitutional right to credit for presentence confinement, and absent a state statute requiring such credit, the matter is left to the sentencing judge's discretion.[14] See Palmer v. Dugger, 833 F.2d 253, 254 (11

---

[13]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270-275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001).

[14]There is an exception if the denial of credit for presentence confinement in jail effectively extends the total time served beyond the maximum prescribed sentence for the crime when the confinement is the result of an inmate's failure to make bail due to indigence; however, this is not the situation here.

Cir. 1987), <u>citing</u>, <u>Jackson v. Alabama</u>, 530 F.2d 1231, 1235 (5 Cir. 1976); <u>Gremillion v. Henderson</u>, 425 F.2d 1293, 1294 (5 Cir. 1970). Accordingly, Hathcock has failed to prove that he has been denied a constitutionally protected interest.

If Hathcock is alleging that the trial court improperly applied the Florida crediting statutes,[15] such a claim is also not reviewable in this federal habeas corpus proceeding. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. <u>See</u> <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991)(holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief). Moreover, a state's interpretation of its own rules or statutes does not raise a federal constitutional issue unless it rises to a level of denial of fundamental due process. <u>Wainwright v. Goode</u>, 464 U.S. 78 (1983), <u>reh'q</u> <u>denied</u>, 465 U.S. 78 (1984). <u>See also</u> <u>Redman v. Dugger</u>, 866 F.2d 387 (11 Cir. 1989); <u>Machin v. Wainwright</u>, 758 F.2d 1431, 1433 (11 Cir. 1985); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11 Cir. 1983).

When a federal court considers whether habeas corpus is warranted, the decision is limited to whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. §2254; <u>Rose v. Hodges</u>, 423 U.S. 19, 21 (1975)(per curiam). A state petitioner's right to credit for time served before sentencing is a question of state law. Thus, to the extent that the petitioner claims that the trial court committed errors of state law, such claim is not cognizable in this federal habeas corpus petition, as

---

[15]In Florida, there is a statutory right to credit for time served. <u>See</u> <u>Fla.Stat.</u> §921.161 (providing in pertinent part that the court imposing a sentence shall allow a defendant credit for all of the time he spent in the county jail before sentence).

19

asserted by the respondent. <u>Travis v. Lockhart</u>, 925 F.2d 1095, 1097 (8 Cir. 1991)(the interpretation of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction). Further, the Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. <u>Branan v. Booth</u>, 861 F.2d 1507 (11 Cir. 1988), and cases cited therein. 1976). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. A state court's error in applying its own sentencing provisions is not cognizable on federal habeas corpus review, even when it is "couched in terms of equal protection and due process." <u>Id</u>. at 1508, quoting <u>Willeford v. Estelle</u>, 538 F.2d 1194, 1996-98 (5 Cir. 1976). Therefore, a state decision affecting only the sentencing rights of prisoners under state law is of no consequence in relation to a federal habeas corpus application.

Hathcock next alleges that his sentence imposed after the revocation of his probation was unlawful in that he was sentenced by a successor judge, rather than the judge who had originally entered sentence. As correctly asserted by the respondent, the claim that the probation revocation proceedings was unlawfully conducted by a successor trial court judge is also not cognizable in this federal habeas corpus proceeding in that the claim involves only questions of state law. As indicated above, federal habeas relief is available to correct only constitutional injury. 28 U.S.C. §2241(c)(3); 28 U.S.C. §2254(a). <u>See also</u> <u>Estelle v. McGuire</u>, 502 U.S. at 67-68; <u>Wainwright v. Goode</u>, 464 U.S. 78; <u>Barclay v. Florida</u>, 463 U.S. 939, 958-659 (1983)(stating that "[m]ere errors of state law are not the concern of this court ... unless they rise for some other reason to the level of a denial of

rights protected by the United States Constitution.")(citations omitted); <u>Carrizales v. Wainwright</u>, 699 F.2d 1053 (11 Cir. 1983)(holding that a state's interpretation of its own laws does not provide a basis for federal habeas relief). Questions of state law and procedure "rarely raise issues of federal constitutional significance. [A] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Tejada v. Dugger</u>, 941 F.2d 1551 (11 Cir. 1991), <u>cert</u>. <u>denied</u>, 502 U.S. 1105 (1992)(*quoting* <u>Carrizales</u>, <u>supra</u> ). Federal habeas corpus review of a state law claim is, therefore, precluded if no due process violations or facts indicating such violations are alleged. No due process violation has been demonstrated.

Moreover, Hathcock's probation revocation proceedings were not violative of federal due process or Florida law principles. Hathcock essentially claims that the trial judge presiding over the revocation proceedings was an improper successor judge, not the judge who had initially presided over the criminal proceedings, and he was not familiar with the circumstances of the underlying case, rendering the sentence imposed upon revocation unlawful pursuant to <u>Fla.R.Crim.P</u>. 3.700(c).[16] The fact that the trial court judge who presided over the revocation proceeding and imposed the current sentence was not the same judge who presided over the underlying plea and sentence proceedings in no way rendered the subsequent probation proceedings and resultant sentence fundamentally unfair.

---

[16]Florida Rule of Criminal Procedure 3.700(c)(1) provides as follows:

In any case, other than a capital case, in which it is necessary that sentence be pronounced by a judge other than the judge who presided at trial or accepted the plea, the sentencing judge shall not pass sentence until the judge becomes acquainted with what transpired at the trial, or the facts, including any plea discussions, concerning the plea and the offense.

21

Hathcock has failed to demonstrate any unfairness whatever in the proceeding. He has not alleged, let alone demonstrated, that he suffered any prejudice or due process violation as a result of the probation revocation proceeding being conducted by a successor judge, as opposed to the original trial court judge. Further, he has also not shown that the original judge, but not the successor judge, was aware of any fact or circumstance that was critical to a fair determination of the probation violation, warranting relief. See Scott v. State, 909 So.2d 364, 370 (Fla. 5 DCA 2005)(holding that successor judge was appropriate judge to preside over probation violation proceedings even though successor judge was not judge who accepted his plea to original criminal charges in that successor judge was more familiar with issue of alleged probation violation than judge who accepted original plea, successor judge became acquainted with defendant's file and heard from four witnesses regarding probation violation, and defendant did not allege that original judge, but not successor judge, was aware of any fact or circumstance that was critical to fair determination of probation violation).

It is finally noted that even if ground one of the instant petition could be construed as a challenge to the lawfulness of the subsequent probation revocation proceeding and resultant term of imprisonment, full review of the record appears to indicate that the claim is procedurally barred from federal habeas corpus review in that the state courts applied an express procedural bar.[17] See

---

[17]A procedural-default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11 Cir. 1999). In the first instance, the federal court must determine whether the last state court rendering judgment clearly and expressly stated that its judgment rested on a procedural bar. In Florida, a District Court of Appeal's per curiam affirmance of a circuit court's ruling explicitly based on procedural

Coleman v. Thompson, 501 U.S. 722, 750-51 (1991); United States v. Frady, 456 U.S. 152, 168 (1982); Wainwright v. Sykes, 433 U.S. 72 (1977); Collier v. Jones, 910 F.2d 770, 773 (11 Cir. 1990). Even if not subject to a procedural bar, for the reasons expressed above, the claim is clearly meritless.

VI.   Conclusion

It is, therefore, recommended that this petition for writ of habeas corpus be dismissed as untimely filed pursuant to 28 U.S.C. §2244(d)(1)-(2) with regard to all challenges to the original judgment and sentence, and denied for failure to make a substantial showing of the denial of a federal right with regard to the challenges to the probation revocation and resultant term of imprisonment. See 28 U.S.C. §§2241(c)(3), 2254(a).

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 24th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Herbert Hathcock, Pro Se
     DC# 090447
     Jefferson Correctional Institution
     1050 Big Joe Road
     Monticello, FL 32344

     Melanie Dale Surber, AAG
     Office of the Attorney General
     1515 North Flagler Drive, #900
     West Palm Beach, FL 33401-3428

---

default "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11 Cir. 1990).